■ MARY TRILLARD, Respondent, v. PEARL HOROWITZ, Doing Business under the Name of CATON NURSING HOME, et al., Appellants, et al., Defendants. — Appeals from orders which denied appellants' respective motions to dismiss the complaint for failure to state a cause of action or, in the alternative, that they be dropped as defendants. Orders affirmed, with one bill of $10 costs and disbursements. The appellants did not, before answering, move to have the causes of action separately stated. The motions were directed against the whole complaint. As it stands, the complaint states facts in one count which are sufficient to constitute a separate cause of action against appellant Horowitz and a separate cause of action against the other appellants, because of failure to afford respondent reasonable care. The motion, therefore, was properly denied (Civ. Prac. Act, §§ 258, 212). It should be noted, however, that there is no allegation of any fact which would render appellants liable for any act of the

doctors, as such. (*Bakal* v. *University Heights Sanitarium*, 302 N. Y. 870; *Bryant* v. *Presbyterian Hosp. in City of N. Y.*, 304 N. Y. 538.) Wenzel, Acting P. J., MacCrate, Beldock and Ughetta, JJ., concur; Murphy, J., concurs in the affirmance of the order denying the motion of appellant Horowitz, but dissents from the affirmance of the order denying the motion of the appellants who conduct the Calhoun Nursing Home, and votes to reverse that order and to grant their motion, with the following memorandum: Insofar as concerns the appellants who conduct the Calhoun Nursing Home, the gravamen of the action is that they failed to provide respondent with a doctor who would examine her, discover her fracture, and treat her therefor. There is no allegation that these appellants accepted such obligations. Under section 24 of the Hospital Code of the City of New York and Regulations, medical care is to be provided by a personal physician designated by the patient or one assigned by the agency responsible for the patient. There is no allegation that such medical care was not provided. Only in an emergency and when the personal physician is not available shall it be the duty of the nursing home to call a duly licensed physician. No appropriate allegations requiring the calling of a physician are contained in this complaint. Nor is there any allegation of noncompliance with regulation 4 under section 24 of the Hospital Code, which provides that no patient shall be admitted until the institution has been provided with a medical report of a physical examination and diagnosis.